**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                       No. 95-5409

MILTON D. JACKSON,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, District Judge.
(CR-94-539-A)

Submitted: December 19, 1995

Decided: January 17, 1996

Before NIEMEYER, LUTTIG, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John Clifton Rand, LAW OFFICES OF J.C. RAND, Alexandria, Vir-
ginia, for Appellant. Helen F. Fahey, United States Attorney, Morris
R. Parker, Jr., Special Assistant United States Attorney, Alexandria,
Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Milton D. Jackson pled guilty to escape from the Lorton Reformatory, 18 U.S.C.A. § 751(a) (West Supp. 1995), and received a sentence of 27 months. He contends on appeal that the district court erred in refusing to give him a reduction in offense level under USSG § 2P1.1(b)(3).* Finding no error, we affirm the sentence.

Guideline section 2P1.1(b)(3) provides a 4-level reduction if "the defendant escaped from the non-secure custody of a community corrections center, community treatment center, `half way house,' or similar facility." "Non-secure custody" is defined as custody with no significant physical restraint, and may include time spent on a work detail outside a secure facility. USSG § 2P1.1, comment. (n.1).

This court has adopted a two-part test for determining whether the reduction in § 2P1.1(b)(3) applies. First, the defendant must have escaped from a non-secure facility and, second, the non-secure facility must be similar to a community corrections center, community treatment center, or half-way house. United States v. Sarno, 24 F.3d 618, 623 (4th Cir. 1994). The government concedes that Jackson was (however temporarily) in non-secure custody at the time of his escape but asserts that the Lorton Facility was not a community corrections center. Jackson argues that Lorton should be considered a community corrections center because, as a District of Columbia facility rather than a federal facility, it is by nature a local or community facility. We reject this contention and find that the district court correctly found that the reduction did not apply.

Community corrections centers have been defined as community-based programs which are used for intermediate punishment such as probation or supervised release, or as a transitional service for prisoners nearing release; they are distinguished from institutional confinement even of the minimum security variety. See United States v. Tapia, 981 F.2d 1194, 1198 (11th Cir.) (citing United States v. Kahn,

---

*United States Sentencing Commission, Guidelines Manual (Nov. 1994).

2

789 F. Supp. 373, 377 (M.D. Ala. 1992)), <u>cert. denied</u>, ___ U.S. ___, 61 U.S.L.W. 3835 (U.S. June 14, 1993) (No. 92-8631). Lorton Reformatory is an integral part of the District of Columbia prison system. <u>See Wright v. Jackson</u>, 505 F.2d 1229, 1231-32 (4th Cir. 1974). As such, Lorton provides institutional confinement rather than a community-based program. When Jackson escaped, he was serving sentences of 20 months to 5 years for attempted cocaine distribution, 1 year (consecutive) for failure to appear, and not less than 13 years for assault and firearms convictions. On this information alone, the district court did not err in finding that Lorton was neither a community corrections center nor a similar facility.

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

3